

140 Broadway Suite 3100
New York, NY 10005-1101

212.973.8000   Fax 212.972.8798   schnader.com

Barry S. Alexander
Direct Dial 212-973-8099
E-mail: balexander@schnader.com

August 31, 2021

**ECF AND E-MAIL (CronanNYSDChambers@nysd.uscourts.gov)**
The Honorable John P. Cronan
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1320
New York, New York 10007-1312

**Re: Skiplagged, Inc. vs. Southwest Airlines Co., Civil No. 1:21-cv-05749-JPC**

Dear Judge Cronan:

We are counsel for Defendant Southwest Airlines Co. ("Southwest") and submit this pre-motion letter to request a briefing schedule for Southwest's motion to dismiss Skiplagged's complaint under Rules 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6) as an improper anticipatory declaratory judgment action, for lack of personal jurisdiction, and for improper venue. Southwest, alternatively, seeks to transfer venue under 28 U.S.C. § 1404(a) to the Northern District of Texas where two related actions—*Southwest Airlines Co. v. Skiplagged, Inc.*, No. 3:21-cv-01722 (N.D. Tex.) and *Southwest Airlines Co. v. Kiwi.com, Inc. et al.*, No. 3:21-cv-00098 (N.D. Tex.)—are pending.

**I.   Background**

In January 2021, Southwest commenced litigation in the N.D. Tex. against Kiwi.com, an online travel agency ("OTA") operating out of the Czech Republic, asserting claims for improperly hacking Southwest's website application programming interface ("API"), reselling Southwest flights at inflated prices, misrepresenting Southwest's policies, cheating customers on bag fees and customer service fees, failing to issue refunds for cancelled flights, providing false booking information, infringing Southwest's trademarks, and engaging in other conduct that harms Southwest's customers, business, and reputation.

While the *Kiwi* suit was pending, Southwest learned that Skiplagged was helping Kiwi by displaying Southwest's trademarks and fares without permission and referring Southwest customers to Kiwi for booking. Southwest sent cease-and-desist notices to Skiplagged in June and July 2021. In correspondence dated July 1, 2021, Southwest explained its intended to pursue litigation in the N.D. Tex. if Skiplagged did not cease its harmful conduct by July 6, 2021. The next day, Skiplagged filed this anticipatory declaratory judgment action. Southwest has since filed a lawsuit against Skiplagged in the N.D. Tex., asserting claims for trademark infringement, false designation of origin and unfair competition, trademark dilution, tortious interference with Southwest's Contract of Carriage, tortious interference with Southwest's website Terms & Conditions as applied to Kiwi's unauthorized use of southwest.com, and unjust enrichment under Texas common law. The Honorable Ada Brown is presiding over both cases, against Kiwi and against Skiplagged, in the N.D. Tex., and is already familiar with the parties and issues.

Honorable John P. Cronan
United States District Court, Southern District of New York
August 31, 2021
Page 2

## II. Anticipatory Declaratory Judgment

While courts generally follow a "first-to-file" rule, a well-established exception applies when the proper defendant files a declaratory action to forum shop. In such cases, courts routinely dismiss the anticipatory declaratory judgment action to allow the suit to proceed in the natural plaintiff's chosen forum. *See, e.g., Navigators Underwriting Agency Ltd. v. Micron Tech., Inc.*, 427 F. Supp. 3d 506, 508 (S.D.N.Y. 2019); *Cephalon, Inc. v. Travelers Companies, Inc.*, 935 F. Supp. 2d 609, 614 (S.D.N.Y. 2013). While "any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration," 28 U.S.C. § 2201, such a "federal declaratory judgment is not a prize to the winner of a race to the courthouses." *Perez v. Ledesma,* 401 U.S. 82, 119 n. 12 (1971) (Brennan, J. dissenting); *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 219 (2d Cir.1978), *abrogated on other grounds by Pirone v. MacMillan, Inc.,* 894 F.2d 579, 586 (2d Cir.1990).

A declaratory judgment action is improperly anticipatory if it was "filed in response to a direct threat of litigation that gives specific warnings as to deadlines and subsequent legal action." *Employers Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 276 (2d Cir. 2008); *see Chicago Ins. Co. v. Holzer,* No. 00 Civ. 1062(SAS), 2000 WL 777907, at *3 (S.D.N.Y. June 16, 2000) ("The Second Circuit has held that the filing of a declaratory judgment action triggered by a notice letter is a persuasive indicator of anticipatory conduct."). Skiplagged filed this action on July 2, 2021, in direct response to the July 1, 2021, cease-and-desist letter from Southwest. That letter identified the conduct and claims at issue, identified the N.D. Tex. as the proper forum for resolving the dispute, and provided a deadline for compliance of July 6, 2021. Accordingly, Skiplagged's anticipatory declaratory judgment action should be dismissed. *See, e.g., Navigators Underwriting*, 427 F. Supp. 3d at 508; *Cephalon*, 935 F. Supp. 2d at 614.

## III. Personal Jurisdiction

Personal jurisdiction is lacking because Southwest is a Texas corporation headquartered in Dallas, Texas, meaning that general personal jurisdiction is not proper in New York. *See, e.g., Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *Dong Chul Kim v. Harte Hanks, Inc.*, 425 F. Supp. 3d 246, 255 (S.D.N.Y. 2019). Moreover, the only alleged case-specific contacts with New York were that Southwest sent cease-and-desist letters to Skipagged here. This is insufficient for specific personal jurisdiction. *See, e.g., Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 128 (2d Cir. 2013); *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 762–63 (2d Cir. 1983); *Glob. Edge Design Inc. v. Michel*, 20-CV-9654 (PKC), 2021 WL 1549990, at *2 (S.D.N.Y. Apr. 20, 2021). Accordingly, this action should be dismissed for lack of personal jurisdiction.

## IV. Improper Venue

Southwest does not reside in New York, and no "substantial part" of the events giving rise to the suit occurred in New York. 28 U.S.C. § 1391(b). The Second Circuit has cautioned "district courts to take seriously the adjective 'substantial'" and to "construe the venue statute strictly."

*Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 356–57 (2d Cir. 2005) (citing *Olberding v. Illinois Cent. R.R.*, 346 U.S. 338, 340 (1953)). The sole basis for filing suit in New York cannot be the plaintiff's residency in the state. *See New Son Yeng Produce, LLC v. A & S Produce, Inc.,* No. 07–CV–4292, at *11, 2009 WL 2568566 (E.D.N.Y. Aug. 19, 2009) (finding venue improper where "New York ha[d] almost no connection to the case, other than the fact that the plaintiff [was] located here"); *Cheeseman v. Carey,* 485 F. Supp. 203, 207 (E.D.N.Y.1980) ("Section 1391(b) fails to authorize venue on the basis of plaintiffs' residence."). Rather, "the Second Circuit … has made clear that when a court examines the question of whether venue in a forum is proper, it must focus on where the *defendant's* acts or omissions occurred." *Prospect Capital Corp. v. Bender,* No. 09–CV–826, 2009 WL 4907121, at *3 (S.D.N.Y. Dec. 21, 2009) (citing *Daniel,* 428 F.3d at 434); *see also Micromem Techs., Inc. v. Dreifus Associates Ltd.*, No. 14-CV-9145 (LAK), 2015 WL 8375190, at *6–7 (S.D.N.Y. Dec. 8, 2015) (disregarding the plaintiffs' conduct and focusing on the defendants' acts or omissions giving rise to the claims); *Fedele v. Harris*, 18 F. Supp. 3d 309, 318 (E.D.N.Y. 2014) (same).

Southwest's cease-and-desist notices—acts performed by Southwest in Texas—are not sufficient to establish proper venue in this Court under § 1391(b)(2). *See, e.g., Riley v. Hannibal*, No. 15CIV1399ENVRER, 2016 WL 10520943, at *2 (E.D.N.Y. July 13, 2016) (delivery of cease-and-desist notice in the district is not "substantially material to the core claims"); *(888) Justice, Inc. v. Just Enterprises, Inc.*, No. 06CV6410GBD, 2007 WL 2398504, at *6 (S.D.N.Y. Aug. 22, 2007) (telephone call into the district warning plaintiff about infringement "cannot be said to be material"). Accordingly, the case should be dismissed for improper venue.

### V. Venue Transfer

Southwest alternatively asks that the Court transfer this action to the Northern District of Texas, where related suits are pending, for convenience of parties and witnesses, and in the interests of justice. Texas is the venue where a single judge can most expeditiously manage the cases, which is the "single most significant circumstance favoring transfer in this action," *Goggins v. All. Capital Mgmt., L.P.*, 279 F. Supp. 2d 228, 234 (S.D.N.Y. 2003), and also is "the place where the principal events occurred" and where "the principal witnesses are located." *Totonelly v. Cardiology Assocs. of Corpus Christi, Inc.*, 932 F. Supp. 621, 623 (S.D.N.Y. 1996). Accordingly, transfer to the N.D. Tex. is appropriate.

### VI. Briefing Schedule/Conclusion

Southwest requests leave to file the proposed motions within ten days of the Court's issuance of an Order authorizing same, with Skiplagged's opposition due 14 days after the motions are filed, and Southwest's reply due seven days after the opposition is filed. Southwest further requests an enlargement of Your Honor's 25-page limit for memoranda of law to forty pages in light of the multiple issues being addressed, and number of factors to address with regard to the venue/transfer argument. Southwest does not take the request for enlargement of the page limit lightly, and will endeavor to be as succinct as reasonably possible in its memorandum of law.

Honorable John P. Cronan
United States District Court, Southern District of New York
August 31, 2021
Page 4

                        Sincerely yours,

                        Barry S. Alexander
              For SCHNADER HARRISON SEGAL & LEWIS LLP

BSA/dwg

Defendant's motion for leave to file is granted. Defendant shall move to dismiss by September 10, 2021, Plaintiff shall file its opposition by September 24, 2021, and Defendant shall file its reply by October 1, 2021. Defendant's request for additional briefing is granted to the extent that Defendant may file a 30-page memorandum in support.

SO ORDERED. Date: September 1, 2021
      New York, New York

_____
JOHN P. CRONAN
United States District Judge